NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BUFFY LYN RONEY; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> MICHAEL MILLER, DBA Falcon Press, Inc. and UNITED STATES ECCLESIASTICAL SOCIETY & SEMINARY, DBA New Falcon Publications, a corporation, <br><br> Defendants-Appellees. | No.    16-55717 <br><br> D.C. No. 2:15-cv-09652-R-AS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted December 4, 2017[**]
Pasadena, California

Before:  CALLAHAN and BEA, Circuit Judges, and WHALEY,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

Plaintiffs appeal the dismissal of their complaint without leave to amend. We reverse.[1]

1. Plaintiffs state a straightforward case of copyright infringement: they (as heirs of the author) are the owners of the copyrights in and to four books—which Plaintiffs identify in their First Amended Complaint (FAC) by title and copyright registration number—and Defendants sell those books without authorization. Plaintiffs thus allege the two elements of a copyright infringement claim— "'ownership of a valid copyright'" and "'copying of constituent elements of the work that are original.'" *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)); *see also* 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.01 (Matthew Bender, rev. ed. 2017) ("Reduced to most fundamental terms, there are only two elements necessary to the plaintiff's case in an infringement action: ownership of the copyright by the plaintiff and copying by the defendant."). Plaintiffs' FAC gives Defendants fair notice of the alleged wrongdoing, such that they can admit or deny that they sold/sell the books identified in the FAC without permission. The district court erred in concluding Plaintiffs failed to state a claim.

---

[1]    Plaintiffs' allegations are familiar to the parties and are restated here only as necessary to resolve the legal issues of the appeal.

2

2. Plaintiffs also argue the district court abused its discretion in denying leave to amend. That argument is moot in light of our conclusion that the FAC sufficiently alleges a copyright infringement claim. However, because we perceive a reasonable likelihood that Plaintiffs will seek leave to amend,[2] and because the district court's decision to deny leave to amend conflicts with our jurisprudence, we note a few principles governing requests for leave to amend.

"When justice requires, a district court should 'freely give leave' to amend a complaint." *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016) (quoting Fed. R. Civ. P. 15(a)(2)). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) (identifying factors that may justify denying leave to amend, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility). Although the repeated failure to cure deficiencies is a proper basis for denying leave to amend, there is no such repeated failure when, as here, the current motion to dismiss is "the first pleading[ ] to attack the sufficiency of

---

[2] In response to the motion to dismiss, Plaintiffs submitted a proposed Second Amended Complaint, which the district court rejected.

3

[the plaintiffs'] allegations, the current decision[ ] by the district court . . . [is] the first to address the sufficiency of those allegations, and [the plaintiffs are] seeking [their] first opportunity to cure those deficiencies." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1183 (9th Cir. 2016) (reversing denial of leave to amend even though the plaintiff had previously amended his pleading three times); *see also Eminence Capital*, 316 F.3d at 1053 (noting that although the complaint was amended multiple times, "it is not accurate to imply that plaintiffs had filed multiple pleadings in an attempt to cure pre-existing deficiencies"). Additionally, "[u]nder futility analysis, '[d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment.'" *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (second alteration in original).

The judgment is **VACATED**, the district court's order granting Defendants' motion to dismiss is **REVERSED**, and the matter is **REMANDED** for further proceedings consistent with this disposition. Costs are to be taxed against appellees Michael Miller and United States Ecclesiastical Society & Seminary.